**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4206**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARON LAURICE SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00062-WO-1)

Submitted:  October 15, 2019                         Decided:  October 17, 2019

Before GREGORY, Chief Judge, and THACKER and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daron Laurice Smith appeals his conviction and 84-month sentence imposed following his guilty plea to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (2012). On appeal, Smith's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Smith's guilty plea and whether it imposed an unreasonable sentence. Smith was notified of his right to file a pro se supplemental brief but has not done so. The Government moves to dismiss the appeal pursuant to the appeal waiver provision in Smith's plea agreement. We affirm in part and dismiss in part.

We review de novo the validity of the appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Generally, we "will enforce an appeal waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018) (internal quotation marks omitted). A defendant validly waives his appeal rights if the waiver is knowing and intelligent. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted).

Our independent review of the record confirms that Smith knowingly and voluntarily waived his right to appeal his conviction and whatever sentence was imposed on any ground, with limited exceptions not applicable here. Thus, we conclude the waiver is valid and enforceable. Further, the sentencing issue counsel raises pursuant to *Anders* falls squarely within the broad compass of the waiver.

Smith's appeal waiver does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). We review Smith's challenge to the plea colloquy for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard). Before accepting a guilty plea, the district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Although our review reveals a minor omission during the colloquy, *see* Fed. R. Crim. P. 11(b)(1)(O), we conclude that it did not affect Smith's substantial rights, *see United States v. Sanya*, 774 F.3d 812, 817 (4th Cir. 2014) (discussing substantial rights in guilty plea context).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues for appeal that would fall outside the scope of Smith's valid appeal waiver. *See McCoy*, 895 F.3d at 363-64 (discussing unwaivable issues); *United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018) (same). We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver. To the extent there exist any claims not foreclosed by the

waiver, we deny the motion to dismiss in relevant part and affirm the district court's judgment.

This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*